IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATHAN DARRELL NEIGHBORS, | § | |
| (TDCJ # 1435598) | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-564-C |
| | § | |
| VALERIE K. ALLEN | § | |

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g)
AND ORDERING PLAINTIFF TO PAY A FULL FILING FEE

This civil action was initiated by the filing of a civil complaint by Texas Department of Criminal Justice inmate Nathan Darrell Neighbors. On July 26, 2013, the magistrate judge entered findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g) and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing fee.

The Court has made an independent review of the following matters in the above-styled and -numbered cause:

1. the pleadings and record;

2. the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 26, 2013; and

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. § 1915, § 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

3. the petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 16, 2013.

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Plaintiff's objections must be overruled, Plaintiff is not entitled to proceed in forma pauperis, and Plaintiff must pay the filing fee.[2]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Plaintiff Nathan Darrell Neighbors (TDCJ No. 1435598) is not entitled to proceed *in forma pauperis* in this action. If plaintiff Neighbors wishes to proceed with this action, he must pay to the clerk of Court the full filing and administrative fees of $400.00 within ten (10) days of the date of this order.[3] Plaintiff is advised that failure to timely pay the full fees to the clerk of Court will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[4]

Signed August 20, 2013.

SAM R. CUMMINGS
United States District Judge

---

[2]Although inmate Neighbors recites in the objections that he is "in imminent danger" under § 1915(g), he does not state any facts to support this allegation, and the underlying claims in this case do not relate to his present housing. The objections are overruled.

[3]Although the Court would normally give an inmate plaintiff thirty days to pay a filing fee, as Neighbors has previously been notified of the bar to filing under § 1915(g), the Court concludes that ten days to comply is sufficient.

[4]*See Hickerson v. Christian*, 283 Fed. Appx. 251 (June 24, 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also* Link v. Wabash R. Co., 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).

2